## VINALHAVEN *versus* WASHINGTON.

MOTION by the defendants for a new trial, on the ground that the verdict was against evidence. The defendant's counsel had drawn up a report of the evidence, and was proceeding to read it to the Court.

The opposing counsel objected to it, because not filed by the middle of vacation.

SHEPLEY, C. J. — What is the counsel, making the motion, to do? It is not enough simply to present the motion. It is his duty to enforce it. He is to let the Court and the opposing party know the grounds of it. How shall this be done? The Court have presented the mode. He is to draw up a report, under the sanction of his professional oath, presenting the evidence.

The rule requires that this report be filed by the middle of vacation, in order that the other party, if he thinks it to be incorrect, may place on file a report under the like authentication, so that, from the two reports, the Court, aided also by their own minutes, may ascertain what the evidence was.

This rule has been in force many years, and has been so often acted upon, that we must presume it to be well understood by the profession. Now, to relax this rule and require an opposing party to meet the case, without the prescribed opportunity of preparation, is to deprive him of a LEGAL right. The rule was devised, not for the mere convenience of the Court, but for the just administration of rights.

A party may voluntarily waive his right. The Court cannot require him to.

In this case, the rule has not been observed, and there must be

*Judgment on the verdict.*